

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

Honorable Lee Brady
Commissioner, Department of Banking
Austin, Texas

Dear Mr. Brady:

Opinion No. O-2611
Re: Authority of the Banking
Commissioner under the
provisions of S. B. 165,
42nd Legislature as sub-
sequently amended by the
45th Legislature to author-
ize the transfer of secur-
ities deposited with the
State Treasurer under Ar-
ticle 696, Revised Civil
Statutes to a corporate
trustee designated by the
depositor of such secur-
ities.

We acknowledge receipt of your letter of August 9, 1940, requesting the opinion of this Department upon the matter above mentioned, your letter of inquiry being as follows:

"National Educators Finance Corporation is a corporation organized under the provisions of Subdivision 49 of Article 1302, and was in existence prior to the enactment of S. B. 165, enacted by the 45th Legislature amendatory of Articles 1520- 1524 of the Revised Statutes.

"Prior to the enactment of this bill the company had issued divers installment bonds, and pursuant to the provisions of Article 696 of the Revised Statutes had deposited ten per cent of its gross receipts with the State Treasurer.

"With the enactment of S. B. 165 above mentioned, the company executed a trust indenture approved by the Banking Commissioner, designating a national banking corporation with trust powers as trustee, and thereafter continued to sell installment bonds, having deposited with this trustee cash and securities, which, together with those deposited with the State Treasurer under Article 696, had a reasonable market value equal to the withdrawal or cancellation value of equal to the withdrawal or cancellation value of all bonds outstanding, including those bonds issued prior to the enactment of S. B. 165. A copy of the trust indenture now in force is hereto at-

tached. This company has no outstanding liabilities other than the bonds above mentioned, secured under the trust indenture, by the securities deposited with the trustee and State Treasurer pursuant to the statutes above referred to. It now requests authority to transfer the securities held by the State Treasurer into the hands of the Fort Worth National Bank, Trustee, in order that the entire trust fund may be handled as a unit.

"It is understood, of course, that no part of the securities transferred will be released of any existing obligation now against it, but this request is merely made for convenience of the handling of the entire trust fund by the Fort Worth National Bank, Trustee, which will facilitate the collection of coupons upon the bonds, the making of reports and supervision and auditing of the fund.

"The question submitted here is whether or not the Banking Commissioner may, under the provisions of S. B. 165, above mentioned, authorize the transfer as above set out."

The Banking Commissioner would not have the power to authorize the transfer of the securities mentioned by you.

Our reasons for this conclusion are as follows:

Article 696 is as follows:

"Each corporation, company or individual, doing business in this State as a bond investment company or company to place or sell bonds, certificates or debentures on the partial payment or installment plan, shall deposit with the State Treasurer, in cash or securities approved by said Treasurer, the sum of five thousand dollars, and shall deposit semi-annually with said officer, ten per cent of all net premiums received until the sum deposited amounts to one hundred thousand dollars."

Section 7 of Senate Bill 165, 42nd Legislature, as amended by Acts of the 45th Legislature (General Laws of Texas, 45th Leg., Regular Session, Page 405) provides for the substitution of the State Treasurer of Texas as Trustee for a corporate trustee previously designated by a loan and brokerage company, and also for the State Treasurer's acting as such trustee for the deposit of required securities in cases where there has been no previously designated trustee. The plan contemplates and requires the approval in certain respects of the Banking Commissioner.

The act as amended provides that "all cash or securities left with the State Treasurer in compliance with Article 696, Revised Civil Statutes of 1925, shall be considered as part of the collateral required under this section." In this respect, the original Senate Bill 165 which authorizes of the 42nd Legislature has not been changed.

The rights and duties of the State Treasurer with respect to deposits made under Article 696 are prescribed in the succeeding Articles 697 to 700.

There is nothing in these Articles, nor is there anything in Senate Bill No. 165 which authorizes the surrender of deposits made under Article 696 to the corporate trustee designated under Senate Bill 165 as amended. The State Treasurer is required to handle such deposits in the manner pointed out by Title 21 of the Revised Civil Statutes. (Articles 696 to 700).

Construing that law (What is now Article 698 of the Revised Statutes), the Supreme Court in Hart vs. Stephens, 100 S. W. 135, said:

"Under the Section of the law above quoted, the court has authority to demand, and it is the duty of the Comptroller, upon the order of the court, to draw a warrant upon the Treasurer for the funds deposited in his Department to be disposed of by the court."

In Ex Parte Stephens, 94 S. W. 327, Chief Justice Gaines wrote:

"That the funds which are required by this statute cannot be drawn out except under the conditions and at the time provided by the Legislature is a proposition, which, as we think, requires no argument for its support."

It is thus seen that the proposed transfer of such securities to a private corporate trustee is not compatible with the Treasurer's duty and liability under these statutes, and moreover, such plan is not authorized by the terms of Senate Bill 165 as amended nor by any other statute we have been able to find.

We trust what we have said sufficiently answers the purpose of your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ocie Speer
Ocie Speer
Assistant

APPROVED AUG. 27, 1940
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

OS:EP:jrb

APPROVED OPINION COMMITTEE
BY BWB, Chairman